**FILED**

**September 21, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:53 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| Norman Palmer, ) | Docket No.: 2016-02-0026 |
|     Employee, ) | |
| v. ) | |
| Paul Hardy, ) | State File Number: 3024-2016 |
|     Employer, ) | |
| And ) | |
| Hartford Insurance Company, ) | Judge Brian K. Addington |
|     Insurance Carrier. ) | |
| ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on September 19, 2016, on the Request for Expedited Hearing filed by the employee, Norman Palmer, under Tennessee Code Annotated section 50-6-239 (2015).

The present focus of this case is whether Paul Hardy is responsible for payment of medical and temporary disability benefits to Mr. Palmer. The central legal issue is whether Mr. Palmer suffered an injury that arose primarily out of and in the course and scope of his employment.[1] For the reasons set forth below, the Court finds Mr. Palmer has not submitted sufficient evidence from which this Court could conclude he is likely to prevail at a hearing on the merits and holds he is not entitled to medical or temporary disability benefits at this time.

### History of Claim

Mr. Palmer worked as a laborer for Paul Hardy. Prior to his employment, he informed Mr. Hardy he suffered epileptic seizures. On October 21, 2015, Mr. Palmer and a co-worker, Josh Roberts, installed flashing on a roof. They reached the roof by ladder.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

Once on the roof, the workers determined they needed some supplies from the truck. Mr. Palmer went to retrieve them and testified he remembered seeing the ladder as he walked toward it. The next thing Mr. Palmer remembered was Mr. Roberts assisting him as he lay on the ground. His face was bleeding, and his back and groin areas hurt. Mr. Palmer thought he suffered a seizure and had no remembrance of how he came to be laying in the driveway. Mr. Palmer testified that the ladder was still standing where they placed it when they climbed onto the roof. Mr. Roberts called Mr. Hardy, who instructed Mr. Roberts to take Mr. Palmer home.

Five days later, Mr. Palmer sought medical treatment at Jefferson Memorial Hospital for head pain and headaches. (Ex. 4 at 9.) Extensive diagnostic tests found no fractures but indicated multilevel cervical degenerative disc disease. *Id*. at 22-23. Upon his release from the hospital, the medical providers advised Mr. Palmer to follow up with his primary care physician or a neurologist for a work release and evaluation. *Id*. at 12.

However, Mr. Palmer did not seek medical attention again until January 7, 2016, when he presented to Jefferson Memorial for low back pain. *Id*. at 2-3. The providers prescribed Cyclobenzaprine, a muscle relaxer. *Id*. at 1. Mr. Palmer testified he has not treated elsewhere due to financial difficulties.

Mr. Palmer requested medical treatment and temporary disability benefits from Mr. Hardy. Mr. Hardy's insurance carrier issued a Notice of Denial on January 28, 2016, and asserted Mr. Palmer suffered a seizure not causally related to his work. (Ex. 3.)

Mr. Palmer filed a Petition for Benefit Determination seeking medical and temporary disability benefits on January 14, 2016. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Mr. Palmer filed a Request for Expedited Hearing on July 7, 2016. (T.R. 5.)

At the Expedited Hearing, Mr. Palmer acknowledged he suffered epileptic seizures prior to employment with Mr. Hardy. He also asserted he informed Mr. Hardy of his condition during their first conversation before his hire. Mr. Palmer argued that, although he does not remember what happened, he injured himself at work when he fell from the roof and was therefore entitled to medical and temporary disability benefits. He stated he missed work for approximately seven months before taking a job with a previous employer.[2]

Mr. Hardy asserted Mr. Palmer failed to prove he suffered a compensable injury, as he had no remembrance of what caused his injury and presented no witness to prove

---

[2] Mr. Palmer did not provide exact dates, but he did report he returned to work for a prior employer approximately two months prior to the Expedited Hearing.

how he was injured. Mr. Hardy further argued that Mr. Palmer was not entitled to medical benefits or temporary disability benefits because he failed to prove he suffered a compensable injury.

## Findings of Facts and Conclusions of Law

As the injured employee seeking benefits, Mr. Palmer has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Mr. Palmer need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, at an expedited hearing, he has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* An injury is accidental only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. Tenn. Code Ann § 50-6-102(14)(a) (2015).

Mr. Palmer failed to present any evidence that he sustained an injury by accident arising primarily from work. He has no remembrance of the alleged accident. Mr. Palmer only recalls 1) seeing the ladder as he walked towards it on the roof and 2) receiving assistance from Mr. Roberts while he was on the ground. Mr. Palmer asks the Court to assume that he fell from the roof. However, the Court cannot fill in the gaps of Mr. Palmer's testimony.

Mr. Palmer did not point to any specific hazard of employment on the ground that caused his injuries; rather, he asserted that he fell from the roof. Although a fall while working at a height could lead to a compensable injury, Mr. Palmer has not proven he fell from a height. There is any number of possible explanations as to how Mr. Palmer came to be on the ground, and the Court will not presume one.

The Court can only characterize "his fall" as idiopathic because there is no explanation for it. Mr. Palmer claims to have suffered an epileptic seizure and fell from the roof; however, even that explanation is pure speculation, as there is no evidence of what actually happened. Idiopathic injuries are not compensable unless the work

3

environment presents a peculiar hazard. *Thomas v. Zipp Express*, No. 2015-06-0546, 2016 TN Wrk. Comp App. Bd. LEXIS 35, at *15 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016). Because Mr. Palmer failed to provide evidence of a specific incident at work arising primarily out of and in the course and scope of employment, the Court finds he has failed to provide sufficient proof to meet the definition of "injury" according to the Workers' Compensation Law.

The Court holds Mr. Palmer failed to come forward with sufficient evidence from which the Court could conclude he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment; therefore, his request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Palmer's claim against Paul Hardy and his workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for Initial (Scheduling) Hearing on November 1, 2016, at 4:00 p.m. Eastern Time.

**ENTERED this the 21st day of September, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

4

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

5

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Mr. Palmer;
2. First Report of Injury;
3. Notice of Denial of Claim for Compensation;
4. Medical Records-Jefferson Memorial Hospital; and,
5. Collective Medical Bills (for Identification Only).

Technical record:[3]
1. Petition for Benefit Determination, January 14, 2016;
2. Dispute Certification Notice, February 4, 2016;
3. Show Cause Order, May 20, 2016;
4. Order on Show Cause Hearing, June 29, 2016;
5. Request for Expedited Hearing, July 7, 2016; and,
6. Employer's Response to Petition for Benefit Determination.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 21st day of September, 2016.

| Name | Certified Mail | Via Email | Service Sent To: |
|------|----------------|-----------|------------------|
| Mr. Norman Palmer | X | X | 1339 Friends Station Road New Market, TN 37820 housework_1967@yahoo.com |
| Joseph Ballard, Esq. | | X | Joseph.ballard@thehartford.com |

Penny Shrum, Clerk of Court
WC.CourtClerk@tn.gov

8